IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM A. CLARK,

Plaintiff,

v.

FISHER-PRICE, INC.,

Defendant.

MEMORANDUM AND ORDER
07-cv-421-jcs

---

Plaintiff William Clark commenced this patent infringement action alleging that defendant Fisher-Price makes and sells a product called the "Fun To Learn Potty" which infringes plaintiff's United States Patent No. 6,038,711. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1338. The matter is presently before the Court on defendant's motion for summary judgment of non-infringement, cross motions for summary judgment on the invalidity defenses and on plaintiff's motion for summary judgment that articles sold under its patent license were marked in accordance with 35 U.S.C. § 287(a). The following facts are undisputed for purposes of the pending motions.

FACTS

Plaintiff's '711 patent claims a device to facilitate potty training toddlers. Plaintiff asserts that the accused device infringes claims 1 and 15 of the '711 patent:

> 1. A device for assisting in potty training a toddler comprising:
>
> a) a self-standing stool having a seat portion, a collection receptacle, and an openable and closeable lid for covering said receptacle;
>
> b) a generally rectangular back member attached to said stool said generally rectangular back member resembling a toilet tank, said back member having significant depth and being at least partially hollow for allowing items which encourage usage to be positioned therein, said stool and back member being designed to resemble a miniature full-sized toilet;
>
> c) means for attracting the toddler to said device to increase familiarity and develop the toddler's desire to use said device and thereby become potty trained.
>
> * * *
>
> 15. A device for assisting in potty training a toddler comprising:
>
> a) a self-standing stool having a seat portion, a collection receptacle and an openable and closeable lid for covering said receptacle;
>
> b) a generally rectangular back member attached to said stool, said stool and back portion resembling a miniature full-sized toilet;
>
> c) means for attracting the toddler to said device to increase familiarity and develop the toddler's desire to use said device and thereby become potty trained, said means for attracting the toddler comprising a sound unit actuated by a pivotable handle which produces a simulated sound of a flushing toilet.

In allowing the '711 patent the Patent office stated:

> None of the prior art, alone or in combination, teaches the Applicant's invention of a device for assisting potty training a toddler comprised of a stool, back portion and

> means for attracting a toddler to the device wherein the stool and back portion are structured as claimed and resemble a miniature toilet.

Plaintiff licensed the '711 patent to Totco, Inc. who began selling a device in accordance with it in 2002. In 2002, the Juvenile Products Manufacturers Association, an industry trade group, chose the Totco potty from 130 applicants to receive its "Show Off" award. The Totco potty also received the iParenting Media award. Georgia Family Magazine named the Totco potty on of the "Top 12 Baby Products of the Year." Totco sales of the licensed potty exceeded $200,000 per year in 2004 and 2005. Totco agreed to pay plaintiff a royalty rate of 6.5% on sales of the licensed product.

Defendant's accused device is self-standing and has the general appearance of a miniature toilet. The tank-like portion of the device is partially hollow and houses electronics and a speaker which produce various sounds when portions of the device are manipulated. The device includes a pivotable handle. When the handle is pushed the electronics produce, among other sounds, a descending sequence of marimba notes. During the development of the accused device, the development team purchased and kept a Totco potty in the team area. Since it went on sale in late 2005 revenues from the sale of the accused device exceed $11 million.

United States Patent No. 5,369,820 to Blount ("Blount patent") is prior art to the '711 patent. The Blount patent discloses a training potty seat which incorporates lights in the hollow tank portion which are activated by pivoting a handle as a means to

encourage and reward use. The Blount patent discloses a potty with arms that extent forward around the sides of the user and does not disclose a lid. The Blount patent was considered by the Patent Office during the prosecution of the '711 patent.

A toy potty for use with Cabbage Patch dolls ("Cabbage Patch potty") is also prior art to the '711 patent. The Cabbage Patch potty is doll-sized and not appropriate for use as a training potty by a toddler. It includes an openable and closeable lid and a pivotable handle which simulates a toilet flushing sound when pivoted.

United States Patent No. 6,000,943 to Dawson ("Dawson Patent") disclosed a commode which could be converted to a training urinal is prior art to the '711 patent. Dawson disclosed the use of a button which could be pushed to generate a simulated flushing sound.

Various books on potty training theory and the use of rewards to encourage potty training were in the prior art.

MEMORANDUM

In support of its motion for summary judgment of non-infringement, defendant argues that as a matter of law its device lacks a back member "being at least partially hollow for allowing items which encourage usage to be positioned therein" as required by claim 1 and does not "produce[] a simulated sound of a flushing toilet" as required by claim 15. Defendant also asserts that the

patent claims are obvious in light of Blount, the Cabbage Patch potty and the prior art literature.

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the Court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgement. A factual issue is genuine only if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial

Infringment

Patent infringement analysis consists of two steps. First, the patent claims must be interpreted or construed to determine their meaning and scope. Second, the properly construed claims are compared to the process or product accused of infringing. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995). The first step of this analysis, claim construction, is a matter of law exclusively for the court. Id. at 970-71. To establish infringement plaintiff must prove that each claim element is

present in the accused product, either literally or by equivalence. Dawn Equipment Co. v. Kentucky Farms Inc., 140 F.3d 1009, 1015 (Fed. Cir. 1998). Conversely, defendants can prevail by demonstrating that at least one element of the asserted claim is absent in their product or process.

The well established process for claim construction begins with examination of the claims language. The language is given its ordinary meaning as it would be understood by one of ordinary skill in the relevant art, given its context and the other patent claims. Rexnord Corp. v. Laitram Corp., 274 F.3d 1336, 1342 (Fed. Cir. 2001). This initial construction is then considered in light of the specification to determine whether the inventor expressed a different meaning for the language, whether the preferred embodiment is consistent with the initial interpretation and whether the inventor specifically disclaimed certain subject matter. Id. at 1342-43. The specification takes on a more important role if the claims language is particularly ambiguous, id., or if the inventor invoked the means plus function language of 35 U.S.C. § 112, ¶ 6 thereby incorporating the specification's embodiment into the claims by reference. Finally, the interpretation is examined for consistency with the patent's prosecution history and any disclaimers made therein. 274 F.3d at 1343.

**Claim 1.** The single non-infringement issue with respect to claim 1 is the construction of the phrase "for allowing items which encourage usage to be positioned therein." Defendant contends that

the language must be limited to a storage cubby to hold prizes such as candy, stickers and toys as described in the patent abstract. Plaintiff seeks a broader interpretation, which encompasses the placement of anything which would encourage use.

There is no basis in the claim language for defendant's narrow construction. The language itself unambiguously applies to a space in the hollow back panel which would permit the placement of items which encourage usage. The phrase "items which encourage usage" cannot reasonably be limited to candy and stickers, but certainly literally encompasses electronics which emit sound to encourage use. Dependent claims 2 and 3 refer to sound unit and rewards, respectively, as alternative means for attracting toddlers to the device and encouraging use. It is entirely consistent with those claims that both a sound unit and rewards constitute items which encourage usage. Ultimately, it is impossible to limit the language as defendant suggests without ignoring the plain meaning of the words used by the patentee.

The specification is consistent with this plain meaning. The specification expressly indicates that sound is intended to "draw the child to the device," col. 1, ln 55-56, and remove the "scare factor" from the device, col. 3, ln 19-20. Certainly, the sound producing device is depicted in the preferred embodiment as an item which encourages usage. In fact, limiting "items which encourage usage" to candy or stickers is a blatant and impermissible importation of one preferred embodiment into the claim.

CollegeNet, Inc. v. Apply Yourself, Inc., 418 F.3d 1225, 1231 (Fed. Cir. 2005).

The claim 1 element asserted in this summary judgment motion is present in the accused device because the device has a back member which is partially hollow allowing the positioning of the sound producing devices therein, and sound producing devices are items which encourage usage.

**Claim 15.** The single issue raised by the motion for non-infringement of claim 15 is whether the descending marimba notes played when the handle of the accused device is pivoted constitutes "a simulated sound of a flushing toilet." In ordinary usage the phrase means an imitation or sound resembling that of a flushing toilet. There is nothing to suggest that the patentee intended a meaning other than this ordinary one, and indeed the specification at column 2, lines 65-68 and column 3, line 1 is entirely consistent with this ordinary meaning.

The remaining question is whether the descending marimba notes imitate or resemble the sound of a flushing toilet. That issue presents a question for the jury. It appears from the context and the phrase which follows the sound-- "you flushed the potty" – that the notes at least are intended to represent that the potty has been flushed. However, the sound is not particularly close to that of an actual flushing sound. The question of whether it is similar enough so that it imitates or resembles the sound is one of fact.

Invalidity

Defendant seeks summary judgment that claim 1 of the '711 patent is invalid as anticipated by Blount or obvious in light of Blount, the Cabbage Patch potty and prior art potty training books and articles. Defendant seeks summary judgment that claim 15 of the '711 patent is invalid as obvious in light of the Cabbage Patch Potty and Blount. Because a patent is presumed valid, proof of invalidity must be by clear and convincing evidence. Helifix Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1346 (Fed. Cir. 2000).

A claim is anticipated if a single prior art reference discloses every limitation of a patent claim sufficiently to enable a person of ordinary skill in the art to construct the invention without undue experimentation. Id.

A claim is obvious when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time of the invention to a person having ordinary skill in the art." The ultimate issue of obviousness has been termed an issue of law. However, its determination is dependent on a series of factual issues as set forth in Graham v. John Deere Co., 383 U.S. 1 (1966). Those inquiries are as follows: (1) determining the scope and content of prior art; (2) comparing the differences between the prior art and the claims at issue; (3) determining the level of ordinary skill in the art; and (4) considering objective evidence of obviousness or nonobviousness. Miles Laboratories, Inc. v. Shandon, Inc., 997 F.2d 870 (Fed. Cir. 1993).

When a defendant argues that a combination of prior art references renders the patented invention obvious, "it can be important to establish a reason that would have prompted a person of ordinary skill in the art to combine elements as the invention does." KSR Intern. Co. v. Teleflex, Inc., 127 S.Ct. 1727, 1731 (2007). Relevant considerations for determining whether there was a reason to combine prior art elements include interrelated teachings of the prior art, the demands in the market place and background knowledge of one skilled in the art. Id.

Even a cursory comparison between the prior art and claims 1 and 15 of the '711 patent forecloses an anticipation defense. Blount fails to disclose at least the "openable and closeable lid" element common to both claims. Beyond that, there is a genuine issue of fact concerning whether Blount discloses a device resembling a full-sized toilet as required by both claims. Not only does the disclosed device lack a lid which is typical of a full-sized toilet, it also includes arms which are not found on a full-sized toilet and its general shape is different from a typical full-sized toilet. Additionally, as applied to claim 15, Blount does not disclose the production of sound in response to pushing the pivotable handle.

The Cabbage Patch potty is a doll-sized representation of a training potty. It includes an openable and closeable lid and arguably resembles a full-sized toilet. However, because the cabbage patch potty is designed for use with a doll and not a child, it lacks the elements of claim 1 and 15 that it have a means

to "develop the toddler's desire to use the device and thereby become potty trained" since the device is inappropriate for use as a potty by a toddler.

In light of these differences between the prior art and the patented device, the issue is whether it would have been obvious to one of ordinary skill in the art to combine these features to create a device which included all elements of claim 1 or claim 15. Several fact issues preclude resolution of the issue on summary judgment. First, there is a genuine dispute concerning the degree of education and training of person of ordinary skill in toddler product development. This fact issue impacts on the further fact issue whether one of ordinary skill would have looked to the teachings of the toy Cabbage Patch potty, which is not directly in the field of toddler training products, to find innovations for a toddler training device.

A second important fact issue concerns the degree to which the prior art resembles a full-sized toilet and whether there was motivation to design a training potty as a resemblance of a full-sized toilet. The statement of the examiner indicates that this additional element was at least one important component of the device's novelty. There is no express indication in the prior art that replicating an actual toilet was an important feature in advancing potty training. Because of the inherently factual nature of how close the resemblance of the prior art potty's are and the motivation to add that element to the prior art, it is inappropriate to resolve the obviousness issue on summary judgment.

Additionally, the extent and persuasiveness of the objective evidence of commercial success, industry recognition and copying which tends to prove that the combination of prior art was not obvious is the subject of considerable dispute. There is evidence that both the licensed Totco potty and the accused device enjoyed considerable industry recognition and commercial success. However, the extent to which the success is attributable to the patented features is subject to genuine dispute. Additionally, the fact that defendant possessed and considered the Totco potty during the development of the accused device may support, but does not necessarily require, an inference of copying.

Viewed in total, a myriad of factual disputes precludes a finding of obviousness or non-obviousness as a matter of law. Accordingly, the motions of both parties must be denied on this issue. However, plaintiff is entitled to summary judgment on an anticipation defense because there is no single prior art reference that discloses all elements of either claim 1 or claim 15.

Plaintiff also moves for summary judgment on all other asserted invalidity defenses including defenses relating to inadequacies in the specification pursuant to 35 U.S.C. § 112. In response to plaintiff's motion defendant references its brief in support of its own summary judgment motion for a finding of invalidity. Those briefs contain only the assertions at pages 37 to 39 that if it is determined that the marimba notes of defendant's device constitute the "simulated sound of a flushing toilet" of claim 15, then the '711 specification does not satisfy

the written description (§ 112, ¶ 1) or definiteness (§ 112, ¶ 2) requirements and claim 15 should be deemed invalid. To defeat plaintiff's motion for summary judgment defendant was obligated to establish a basis for its defenses or face summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). Having failed to offer or support any invalidity defenses other than those set forth above, it is precluded from raising additional invalidity defenses at trial. Accordingly, plaintiff's motion must be granted except as to the issue of obviousness for claims 1 and 15 and the § 112 defenses as applied to claim 15.

Failure to Mark

Pursuant to 35 U.S.C. § 287(a) a patentee who makes uses or sells a patented article may recover infringement damages from the earlier of the time the patented articles are marked in accordance with the statute or actual notice is provided to the infringer. To gain the benefit of the earlier damages date plaintiff has the burden to plead and prove compliance with the marking requirement. Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996). To be in compliance, a patentee must mark substantially all of its patented products. Id. However, where as here the articles are sold only by a licensee the court may consider whether the patentee made reasonable efforts to assure compliance. Id. If the product itself can not be marked, compliance can be obtained by a label on the product or package. 35 U.S.C. § 287(a).

Plaintiff moves for summary judgment that he has complied with the marking requirement and is entitled to the earlier damage computation date. Plaintiff supported his motion with an affidavit in which he testified: (1) that he had not personally manufactured or sold the device; (2) that the terms of the license agreement for the patent required the licensee to mark the licensed products; (3) that the licensee "did, in fact, mark the patent number on all products made and sold by putting the word 'patent' and the '711 patent number on the box that contained the potty training device." Defendant opposed the motion arguing that plaintiff had failed to plead marking and that his support for summary judgment was insufficient as a matter of law because he did not meet his burden to establish that substantially all of the licensed products were properly marked.

Plaintiff overcame the objection based on a failure to plead marking when he sought and obtained leave to amend the complaint to add marking allegations. However, defendant is correct in its contention that plaintiff's motion for summary judgment was not sufficiently supported to entitle him to summary judgment on the issue because plaintiff's affidavit did not establish personal knowledge of the marking and did not establish that the product itself (as opposed to the packaging) was marked or that marking the product was not possible.

Plaintiff's effort to supply additional essential evidence in support of the motion in reply was procedurally improper because it afforded no opportunity for response. Furthermore, the late

production of this evidence in reply raises genuine issues concerning defendant's ability to respond factually or rebut the assertions making summary judgment inappropriate under the considerations of Rule 56(f), Fed. R. Civ. P. While it appears likely that plaintiff can successfully establish marking at trial, the matter cannot be resolved on summary judgment.

ORDER

IT IS ORDERED that defendant's motions for summary judgment of non-infringement and invalidity is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment on defendant's invalidity defenses is GRANTED except as to the defense of obviousness for claims 1 and 15 and defenses based on 35 U.S.C. § 112, ¶¶ 1 and 2 for claim 15.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment that he has complied with the marking requirements of § 35 U.S.C. § 287 is DENIED.

Entered this 17th day of January, 2008.

BY THE COURT:

/s/

JOHN C. SHABAZ
District Judge